UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NATHAN WEBSTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSITY OF NEW HAMPSHIRE, )<br>EDWARD MUELLER, )<br>DAVID KELLAM, and )<br>LISA MILLER, )<br>)<br>Defendants. )<br>) | Civil Action No.  19-cv-1040-LM |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT OF NATHAN WEBSTER

Defendants University of New Hampshire ("UNH"), Edward Mueller ("Mueller"), David Kellam ("Kellam") and Lisa Miller ("Miller") (collectively "Defendants"), by their attorneys, Jackson Lewis P.C., answer the First Amended Complaint ("Complaint") of Nathan Webster ("Webster").

### I. Introduction

The Introduction to the Complaint merely characterizes his claims and requires no response.  To the extent Webster alleges any facts in his Introduction, defendants deny them except to the extent such facts are specifically admitted by defendants in their responses to Paragraphs 1 through 144 below.

### II. Parties

(1) Defendants are without knowledge or information sufficient to form a belief as to Webster's current residence, and therefore deny the allegations in Paragraph 1 of the Complaint.

(2)     Defendants are without knowledge or information sufficient to form a belief as to Webster's current age, and therefore deny the allegations in Paragraph 2 of the Complaint.

(3)     Defendants admit the allegations in Paragraph 3 of the Complaint.

(4)     Defendants admit the allegations in Paragraph 4 of the Complaint.

(5)     Defendants admit the allegations in Paragraph 5 of the Complaint.

(6)     Defendants admit the allegations in Paragraph 6 of the Complaint.

(7)     Defendants admit the allegations in Paragraph 7 of the Complaint.

(8)     Defendants admit the allegations in Paragraph 8 of the Complaint.

(9)     Defendants admit the allegations in Paragraph 9 of the Complaint.

(10)    Defendants admit the allegations in Paragraph 10 of the Complaint.

**III.    Jurisdiction and Venue**

(11)    Defendants state that the allegations in Paragraph 11 of the Complaint constitute conclusions of law as to which they are not required to respond, but if required to respond, defendants admit that this Court has jurisdiction over Webster's claims pursuant to 28 U.S.C. §1331.

(12)    Defendants state that the allegations in Paragraph 12 of the Complaint constitute conclusions of law as to which they are not required to respond, but if required to respond, defendants admit that venue is proper in the district of New Hampshire pursuant to 28 U.S.C. §1391(b)(2).

**IV.    Alleged Facts**

(13)    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore deny them.

(14)    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore deny them.

(15)    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore deny them.

(16)    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore deny them.

(17)    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore deny them.

(18)    Defendants admit the allegations in Paragraph 18 of the Complaint.

(19)    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore deny them.

(20)    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore deny them.

(21)    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore deny them.

(22)    Defendants admit the allegations in Paragraph 22 of the Complaint.

(23)    Defendants admit the allegations in Paragraph 23 of the Complaint.

(24)    Defendants admit the allegations in Paragraph 24 of the Complaint.

(25)    Defendants admit the allegations in Paragraph 25 of the Complaint.

(26)    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore deny them.

(27) Defendants admit the allegations in Paragraph 27 of the Complaint to the extent that Webster was hired first as an adjunct and then as a Lecturer at UNH, and deny the remaining allegations in Paragraph 27.

(28) Defendants admit the allegations in Paragraph 28 of the Complaint.

(29) Defendants admit the allegations in Paragraph 29 of the Complaint to the extent that Webster received generally favorable reviews from his supervisors and from his students, but note that at least one review indicate his performance was only "at expectations" and accordingly deny the remaining allegations, if any, in Paragraph 29 of the Complaint.

(30) Defendants admit the allegations in Paragraph 30 of the Complaint.

(31) Defendants admit the allegations in Paragraph 31 of the Complaint.

(32) Defendants admit the allegations in Paragraph 32 of the Complaint to the extent that Dr. Trubowitz and Webster cited his performance as a Lecturer of English in the English Department and brought his Veteran status to the attention of Associate Dean Gibson ("Gibson"), and deny the remaining allegations, if any, in Paragraph 32 of the Complaint.

(33) Defendants admit the allegations in Paragraph 33 to the extent that Gibson agreed to speak with Dean Heidi Bostic ("Bostic") regarding Webster, and deny the remaining allegations, if any, in Paragraph 33 of the Complaint.

(34) Defendants admit the allegations in Paragraph 34 of the Complaint.

(35) Defendants admit the allegations in Paragraph 35 of the Complaint that Webster appealed Dean Bostic's decision not to renew his appointment as a Lecturer upon its expiration in May of 2018, and deny the remaining allegations in Paragraph 35 of the Complaint.

(36) Defendants deny the allegations in Paragraph 36 of the Complaint. Further answering, Defendants state the allegations in Paragraph 36 of the Complaint reflect Webster's

4

opinion as to the relevance of his military experience to his position as a writing instructor with which reasonable people could disagree.

(37) Defendants deny the allegations in Paragraph 37 of the Complaint.

(38) Defendants deny the allegations in Paragraph 38 of the Complaint.

(39) Defendants deny the allegations in Paragraph 39 of the Complaint.

(40) Defendants admit the allegations in Paragraph 40 of the Complaint to the extent that on or about March 7, 2019, Webster filed a union grievance claiming that his veteran status negatively influenced Dean Bostic's decision not to renew his appointment, and deny the remaining allegations in Paragraph 40 of the Complaint.

(41) Defendants admit the allegations in Paragraph 41 of the Complaint. Further answering, Defendants state that Webster withdrew his complaint with the United States Department of Labor ("DOL") prior to the conclusion of the DOL investigation.

(42) Defendants admit the allegations in Paragraph 42 of the Complaint. Further answering, Defendants state that Webster withdrew his complaint with the DOL prior to the conclusion of the DOL investigation.

(43) Defendants admit the allegations in Paragraph 43 of the Complaint to the extent that Mueller is the Director of the UNH Writing Programs; Megan Dittrich ("Dittrich"), the Writing Center Director, reports to him, and deny the remaining allegations in Paragraph 43 of the Complaint.

(44) Defendants admit the allegations in Paragraph 44 of the Complaint to the extent that the Center is managed by a full-time professional director and staffed by mostly part-time undergraduate students with a small number of graduate students working as peer tutors.

(45)   Defendants admit the allegations in Paragraph 45 of the Complaint to the extent that Mueller is a veteran and was already aware of Webster's veteran status and deny the remaining allegations in Paragraph 45 of the Complaint.

(46)   Defendants admit the allegations in Paragraph 46 of the Complaint to the extent that Webster informed Mueller that his Lecturer contract was not being renewed, and was questioning whether Dean Bostic had discriminated against him and deny the remaining allegations in Paragraph 46 of the Complaint.

(47)   Defendants deny the allegations in Paragraph 47 of the Complaint.

(48)   Defendants admit the allegations in Paragraph 48 of the Complaint.

(49)   Defendants admit the allegations in Paragraph 49 of the Complaint.  Further answering, defendants state that on Webster's behalf, Mueller did contact Steven Johnson, Dean of Arts and Sciences at Southern New Hampshire University, who is also a veteran, and who might be aware of job openings in both higher education and the military/defense sector in Southern New Hampshire, and deny the remaining allegations in Paragraph 49 of the Complaint.

(50)   Defendants admit the allegations in Paragraph 50 of the Complaint to the extent that Webster inquired about positions in the Writing Center and in response, Mueller indicated that they were seeking authorization for a new position (Senior Program Support Assistant), but had no definitive information on approval or timing.

(51)   Defendants deny the allegations in Paragraph 51 of the Complaint.

(52)   Defendants admit the allegations in Paragraph 52 of the Complaint to the extent that on or about March 7, 2018, Webster pursued his grievance regarding the non-renewal of his appointment as a lecturer based on his veteran status, and state that they are without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the Complaint, and therefore deny them.

(53)     Defendants admit the allegations in the first sentence of Paragraph 53 of the Complaint to the extent that Mueller did not alert Webster to the posting of an open Senior Program Assistant position at the Writing Center.  Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 53 of the Complaint, which they deny.

(54)     Defendants admit the allegations in Paragraph 54 of the Complaint to the extent that Webster applied for the position of Senior Program Assistant and following his interview with Mueller and Meghan Dittrich ("Dittrich") met with three graduate students employed at the Center on or about August 20, 2018, and deny the remaining allegations in Paragraph 54 of the Complaint.

(55)     Defendants deny the allegations in Paragraph 55 of the Complaint.  Further answering, defendants state that Mueller asked the graduate students to meet with candidates for positions at the Writing Center, and to provide him with impressions and observations of the candidates to supplement the direct observations of Mueller and Dittrich, and deny the remaining allegations in Paragraph 55 of the Complaint.

(56)     Defendants deny the allegations in Paragraph 56 of the Complaint.  Further answering, defendants state that Mueller makes clear to the graduate students that they are not making any decisions or recommendations regarding candidates, but simply providing their impressions of the candidates based on discussions with them; the decision whether to hire a particular candidate is made by Mueller, as Director of UNH's Writing Programs, in consultation with Dittrich, Writing Center Director.

7

(57) Defendants deny the allegations in Paragraph 57 of the Complaint. Further answering, defendants state that there was a candidate in a previous hiring process whom the graduate student staff found intimidating, and their impression of the candidate corroborated with the direct observations of Mueller and members of the interviewing panel, who had noted a confrontational atmosphere during their interview with the candidate, but the staff input was not, in and of itself, the basis for not hiring the candidate.

(58) Defendants admit the allegations in Paragraph 58 of the Complaint to the extent that one of the graduate students asked a question of Webster in a format similar to the language quoted in Paragraph 58 of the Complaint, and deny the remaining allegations in Paragraph 58 of the Complaint, including the characterization of the question as a "non sequitur."

(59) Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint regarding Webster's reaction and response, and therefore deny them.

(60) Defendants deny the allegations in Paragraph 60 of the Complaint.

(61) Defendants admit the allegations in Paragraph 61 of the Complaint to the extent that Webster was informed of non-hire using the standard notification message provided by UNH Human Resources. Further answering, defendants state that the same notification was sent to Mary Duquette, who was also interviewed and not hired.

(62) Defendants admit the allegations in Paragraph 62 of the Complaint.

(63) Defendants deny the allegations in Paragraph 63 of the Complaint. Further answering, Defendants state that Webster's complaint speaks for itself and the Equity Office did not agree with Webster's claim that his military background played a role in his non-selection for the Writing Center Senior Program Assistant position.

(64) Defendants deny the allegations in Paragraph 64 of the Complaint. Further answering, Defendants state that Exhibit A to Plaintiff's Complaint speaks for itself.

(65) Defendants admits the allegations in Paragraph 65 of the Complaint to the extent that the AAEO indicated that it would engage with the Director of Writing Programs and Director of the Writing Center to ensure protocols and best practices in the search process are consistently being implemented, and deny the remaining allegations in Paragraph 65 of the Complaint. Further answering, Defendants state that Exhibit A to Plaintiff's Complaint speaks for itself.

(66) Defendants admit that the allegations in Paragraph 66 of the Complaint to the extent that the AAEO determined that Mueller made the hiring decision for the Senior Program Assistant position and that anti-military bias did not factor into his decision, and deny the remaining allegations in Paragraph 66 of the Complaint. Further answering, Defendants state that Exhibit A to Plaintiff's Complaint speaks for itself.

(67) Defendants deny the allegations in Paragraph 67 of the Complaint. Further answering, Defendants state that Exhibit A to Plaintiff's Complaint speaks for itself.

(68) Defendants admit the allegations in Paragraph 68 of the Complaint to the extent that the AAEO determined that Mueller and Dittrich correctly determined that the position of Writing Program Senior Program Support Assistant, although not a "peer" position, should be held by an individual with administrative ability and a demonstrated understanding of writing center practice involving the ability to assist students in the use of a non-judgmental, peer-to-peer tutoring model and deny the remaining allegations in Paragraph 68 of the Complaint. Further answering, defendants state that Exhibit A to Plaintiff's Complaint speaks for itself.

(69) Defendants deny the allegations in Paragraph 69 of the Complaint. Further answering, Defendants state that Exhibit A to Plaintiff's Complaint speaks for itself.

(70) Defendants deny the allegations in Paragraph 70 of the Complaint. Further answering, defendants state that the Senior Program Support Assistant is not a "peer" tutoring position. Defendants state that Exhibit A to Plaintiff's Complaint speaks for itself.

(71) Defendants admit the allegations in Paragraph 71 of the Complaint to the extent that the position of Senior Program Assistant at the Writing Center was filled by Samantha DeFlitch who was determined to have the qualifications that best met the needs of the Writing Center. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 of the Complaint, and therefore deny them.

(72) Defendants admit the allegations in Paragraph 72 of the Complaint to the extent that the decision to hire DeFlitch was made on or about August 23, 2018, and deny the remaining allegations, if any, in Paragraph 72 of the Complaint.

(73) Defendants deny the allegations in Paragraph 73 of the Complaint. Further answering, Defendants state that the minimum qualifications for the position included, but was not limited to, a combination of higher education and related work experience equal to seven years, and each of the applicants was vetted through UNH Human Resources for meeting the minimum qualifications prior to interviews.

(74) Defendants admit the allegations in Paragraph 74 of the Complaint. Further answering, Defendants state that Webster withdrew his complaint with the United States Department of Labor ("DOL") prior to the conclusion of the DOL investigation.

(75) Defendants admit the allegations in Paragraph 75 of the Complaint.

(76)    Defendants admit the allegations in Paragraph 76 of the Complaint.

(77)    Defendants admit the allegations in Paragraph 77 of the Complaint.

(78)    Defendants admit the allegations in Paragraph 78 of the Complaint to the extent that the Extension oversees educational programming in each of New Hampshire's counties and deny the remaining allegations in Paragraph 78. Defendants admit the remaining allegations in Paragraph 78 of the Complaint, except that they deny that the Extension is currently offering specialized programming for military personnel and their families.

(79)    Defendants admit the allegations in Paragraph 79 of the Complaint to the extent that Webster met some, but not all, of the minimum qualifications for the position, and deny the remaining allegations in Paragraph 79 of the Complaint.

(80)    Defendants deny the allegations in Paragraph 80 of the Complaint.

(81)    Defendants admit the allegations in Paragraph 81 of the Complaint to the extent that Webster submitted a cover letter and resume on line to the UNH Cooperative Extension via HigherEdJobs, and deny the remaining allegations in Paragraph 81 of the Complaint.

(82)    Defendants admit the allegations in Paragraph 82 of the Complaint. Further answering, Defendants state that Sandra Hickey ("Hickey"), Emma Erler ("Erler") and Keith Testa ("Testa") also participated in the phone interview with Webster.

(83)    Defendants admit the allegations in Paragraph 83 of the Complaint to the extent that Webster discussed his work experience, particularly his teaching and writing, and was given an opportunity by Kellam to ask Kellam questions about the position, and deny the remaining allegations in Paragraph 83 of the Complaint.

(84)    Defendants admit that Webster asked Kellam whether Kellam had any questions about Webster's resume, and deny the remaining allegations in Paragraph 84 of the Complaint.

11

(85) Defendants admit the allegations in Paragraph 85 of the Complaint.

(86) Defendants admit the allegations in Paragraph 86 of the Complaint to the extent that Kellam explained briefly to Webster that the Extension organization is decentralized, and operated in an autonomous manner and deny the remaining allegations in Paragraph 86 of the Complaint.

(87) Defendants admit the allegations in Paragraph 87 of the Complaint to the extent that Kellam noted that his father was in the military and deny the remaining allegations in Paragraph 87 of the Complaint.

(88) Defendants deny the allegations in Paragraph 88 of the Complaint.

(89) Defendants are without knowledge or information sufficient to form a belief as to the truth and therefore deny the allegations in Paragraph 89 of the Complaint.

(90) Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 90 of the Complaint and therefore deny them. Defendants admit the allegations in the second sentence of Paragraph 90 to the extent that Webster stated that he had been in the Army a long time ago, and deny the remaining allegations in the second sentence of Paragraph 90 of the Complaint.

(91) Defendants deny the allegations in Paragraph 91 of the Complaint.

(92) Defendants admit the allegations in Paragraph 92 of the Complaint. Further answering, defendants state that Kellam called Webster prior to emailing him about the position.

(93) Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint and therefore deny them.

(94) Defendants admit the allegations in Paragraph 94 of the Complaint to the extent that Webster filed another complaint with the DOL relating to his application for the Production Editor position, and deny the remaining allegations in Paragraph 94 of the Complaint.

(95) Defendants admit the allegations in Paragraph 95 of the Complaint to the extent that in or around 2011, Webster interviewed for a position as Assistant Professor of Journalism position within the COLA English Department, and deny the remaining allegations in Paragraph 95 of the Complaint.

(96) Defendants admit the allegations in Paragraph 96 of the Complaint that Webster was not hired for the Assistant Professor of Journalism position, and that he subsequently acquired experience as a teacher and a journalist, and deny the remaining allegations in Paragraph 96 of the Complaint.

(97) Defendants admit the allegations in Paragraph 97 of the Complaint.

(98) Defendants admit the allegations in Paragraph 98 of the Complaint.

(99) Defendants admit the allegations of Paragraph 99 to the extent that Prof. Miller recommended that Webster be hired as a Lecturer in the English Department, but otherwise deny the allegations in Paragraph 99 of the Complaint.

(100) Defendants admit the allegations in Paragraph 100 of the Complaint.

(101) Defendants admit that Webster had supporters for his work in the COLA English Department as a Lecturer, but deny the remaining allegations in Paragraph 101 of the Complaint.

(102) Defendants admit the allegations in Paragraph 102 of the Complaint to the extent that Webster's supporters in the COLA English Department included Lisa Miller ("Miller") and Susan Hertz ("Hertz"), and deny the remaining allegations in Paragraph 102 of the Complaint.

(103)   Defendants admit the allegations in Paragraph 103 of the Complaint to the extent that after it was clear to Miller and Hertz that Dean Bostic's decision not to renew Webster's contract was final, they ceased their support for Webster, and deny the remaining allegations in Paragraph 103 of the Complaint.

(104)   Defendants admit the allegations in Paragraph 104 of the Complaint to the extent that Webster applied for the position of Journalism Lecturer in the English Department, and deny the remaining allegations in Paragraph 104 of the Complaint.

(105)   Defendants admit the allegations in Paragraph 105 that the position for which Webster applied in April of 2019 was not a tenure track position and that the Associate Professor of Journalism position for which he had applied in 2011 was a tenure track position, and deny the remaining allegations in Paragraph 105 of the Complaint.

(106)   Defendants admit the allegations in Paragraph 106 of the Complaint.

(107)   Defendants admit the allegations in Paragraph 107 of the Complaint that Miller received Webster's application for the Journalism Lecturer position and notified Miller that he would not be interviewed for the position, and deny the remaining allegations in Paragraph 107 of the Complaint.  Further answering, defendants state that the decision not to interview Webster was based upon his lack of digital journalism experience.

(108)   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint, and therefore deny them.

## COUNT I
### (Violation of 38 U.S.C. §4311(a) against UNH and Edward Mueller)

(109)   Defendants restate and incorporate by reference their responses to the allegations in Paragraphs 1 through 108 of the Complaint.

(110) Defendants state that the allegations in Paragraph 110 of the Complaint constitute a conclusion of law as to which Defendants are not required to respond but if required to respond, Defendants admit the allegations.

(111) Defendants state that the allegations in Paragraph 111 of the Complaint constitute a conclusion of law as to which Defendants are not required to respond but if required to respond, Defendants admit the allegations.

(112) Defendants deny the allegations in Paragraph 112 of the Complaint.

(113) Defendants deny the allegations in Paragraph 113 of the Complaint.

(114) Defendants deny the allegations in Paragraph 114 of the Complaint.

(115) Defendants deny the allegations in Paragraph 115 of the Complaint.

(116) Defendants deny the allegations in Paragraph 116 of the Complaint.

(117) Defendants deny the allegations in Paragraph 117 of the Complaint.

## COUNT II
### (Violation of 38 U.S.C. §4311(b) against UNH and Edward Mueller)

(118) Defendants restate and incorporate by reference their responses to the allegations in Paragraphs 1 through 117 of the Complaint.

(119) Defendants state that the allegations in Paragraph 119 of the Complaint constitute a conclusion of law as to which Defendants are not required to respond but if required to respond, Defendants admit the allegations.

(120) Defendants deny the allegations in Paragraph 120 of the Complaint.

(121) Defendants deny the allegations in Paragraph 121 of the Complaint.

(122) Defendants deny the allegations in Paragraph 122 of the Complaint.

(123) Defendants deny the allegations in Paragraph 123 of the Complaint.

(124) Defendants deny the allegations in Paragraph 124 of the Complaint.

## COUNT III
### (Violation of 29 U.S.C. §623(a) against UNH)

(125) Defendants restate and incorporate by reference their responses to the allegations in Paragraphs 1 through 124 of the Complaint.

(126) Defendants state that the allegations in Paragraph 126 of the Complaint constitute a conclusion of law as to which Defendants are not required to respond but if required to respond, Defendants admit the allegations.

(127) Defendants deny the allegations in Paragraph 127 of the Complaint.

(128) Defendants deny the allegations in Paragraph 128 of the Complaint.

(129) Defendants deny the allegations in Paragraph 129 of the Complaint.

(130) Defendants deny the allegations in Paragraph 130 of the Complaint.

## COUNT IV
### (Violation of 38 U.S.C. §4311(a) against UNH and David Kellam)

(131) Defendants restate and incorporate by reference their responses to the allegations in Paragraphs 1 through 130 of the Complaint.

(132) Defendants state that the allegations in Paragraph 132 of the Complaint constitute a conclusion of law as to which Defendants are not required to respond but if required to respond, Defendants admit the allegations.

(133) Defendants state that the allegations in Paragraph 133 of the Complaint constitute a conclusion of law as to which Defendants are not required to respond but if required to respond, Defendants admit the allegations.

(134) Defendants deny the allegations in Paragraph 134 of the Complaint.

(135) Defendants deny the allegations in Paragraph 135 of the Complaint.

## COUNT V
## (Violation of 38 U.S.C. §4311(b) against UNH and Lisa Miller)

(136) Defendants restate and incorporate by reference their responses to the allegations in Paragraphs 1 through 135 of the Complaint.

(137) Defendants state that the allegations in Paragraph 137 of the Complaint constitute a conclusion of law as to which Defendants are not required to respond but if required to respond, Defendants admit the allegations.

(138) Defendants state that the allegations in Paragraph 138 of the Complaint constitute a conclusion of law as to which Defendants are not required to respond but if required to respond, Defendants admit the allegations.

(139) Defendants deny the allegations in Paragraph 139 of the Complaint.

(140) Defendants deny the allegations in Paragraph 140 of the Complaint.

(141) Defendants deny the allegations in Paragraph 141 of the Complaint.

(142) Defendants deny the allegations in Paragraph 142 of the Complaint.

(143) Defendants deny the allegations in Paragraph 143 of the Complaint.

(144) Defendants deny the allegations in Paragraph 144 of the Complaint.

FURTHER ANSWERING AND BY WAY OF AFFIRMATIVE DEFENSE, Defendants state as follows:

A. Each of Defendants' actions regarding Webster's employment were taken in good faith, and for legitimate, not discriminatory reason.

B. Webster's status as a veteran was not a motivating factor in any of Defendants' actions regarding Webster's employment.

C. Webster's age was not the "but for" cause of Webster's failure to be selected for the Senior Program Assistant position in the Writing Center.

D. There is no causal connection between any of Webster's complaints and his failure to be selected for the Senior Program Assistant position in the Writing Center and/or his failure to be selected for the Lecturer Position in the English Department.

E. Webster has failed to mitigate his damages, if any.

WHEREFORE, Defendants respectfully request that this Court:

A. Dismiss Webster's Complaint with prejudice;

B. Grant Defendants their costs, including reasonable attorneys' fees; and

C. Grant such other and further relief as this Court deems just and proper.

                    Respectfully Submitted,
                    UNIVERSITY OF NEW HAMPSHIRE,
                    EDWARD MUELLER, DAVID KELLAM
                    AND LISA MILLER,

                    By their attorneys,
                    JACKSON LEWIS P.C.,

Date: December 5, 2019        By:   /s/ Martha Van Oot
                                                Martha Van Oot, NH #963
                                                100 International Drive, Suite 363
                                                Portsmouth, NH 03801
                                                603.559.2700
                                                martha.vanoot@jacksonlewis.com

### Certificate of Service

      I hereby certify that the foregoing was filed with the Court using the ECF system and served via ECF on all counsel of record.

Date: December 5, 2019                                   /s/ Martha Van Oot
                                                                   Martha Van Oot